# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

      Plaintiff,

vs.

Case No. 24-20662
Hon. Jonathan J.C. Grey

D-3 Florin Birzan,

      Defendant.

_____/

## Protective Order Based on Stipulation

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

It is **ORDERED** that the pretrial disclosure of discovery materials, as described in the stipulation below, is controlled by the provisions of the stipulation and this Protective Order.

Dated: December 12, 2024

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## Stipulation by Parties Requesting a Protective Order

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America and the Defendant, through their respective counsel of record herein, as follows:

A. The government anticipates providing discovery material in this matter containing personal information of defendants and third parties ("Protected Information"), which may include, but is not limited to: social security numbers, birth dates, telephone numbers, addresses, and financial information (such as account numbers).

B. The government also anticipates providing discovery material governed by Rule 6(e) of the Federal Rules of Criminal Procedure.

C. Due to the volume of discovery material the government intends to produce in this case, individual redaction of Protected Information prior to production to defendant as discovery would be impractical and time-consuming.

D. The parties understand, however, that the discovery material should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

E. The government seeks to follow all requirements of Rule 16.

F. THEREFORE, the parties stipulate and agree to the following:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Protective Order pertains to all discovery material provided to or made available to defense counsel as part of discovery in this matter.

3. By signing this Stipulation, Defendant may review such materials in the presence of his defense counsel or other employees assisting in defense preparation; however, Defendant shall not be permitted to keep such materials, including copies and notes of such materials.

4. Defense counsel is permitted to provide discovery in a memory device to the detention facility law enforcement coordinator to provide access to the Defendant to review on a detention facility computer; however, Defendant is not permitted to keep or take with him the memory device containing the digital discovery.

5. Discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions should be treated in the same manner as the original matter. Discovery materials may be shown to but not given to or remain in the custody of potential witnesses (except investigators and experts retained on behalf of the defendants).

6. The discovery material is now and will forever remain the property of the United States Government. The discovery material and information therein may only be used in connection with the litigation of this case and for no other purpose. Defense counsel will return electronic discovery material to the government at the conclusion of this case and permanently delete any copies from their computer systems. If any defendant, defense counsel, defense investigator, expert, or support staff has produced or been provided copies of the discovery material, defense counsel shall ensure the copies are destroyed. Within 90 days following the conclusion of the litigation in this matter, to include when any

direct appeal has become final, defense counsel shall certify in writing to counsel for the United States that all of the discovery material have been returned, destroyed, and/or shredded.

7. In the event the defense seeks to utilize the discovery material in any court filing, at trial or in another hearing in this matter, all Protected Information must be redacted from the discovery material prior to its use. Furthermore, any court filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

8. If defense counsel deems it necessary to use unredacted Protected Information or material subject to Rule 6(e) of the Federal Rules of Criminal Procedure in any court filing, defense counsel shall first advise and confer with counsel for the government and provide counsel for the government reasonable time to object and/or discuss measures to protect such information.

9. Any person receiving disclosure of the discovery materials shall be subject to the terms of the Protective Order.

Defense counsel shall inform the defendant and any other person to whom disclosure is made of the existence and terms of the Protective Order, including by providing such person a copy of the Protective Order and obtaining from such person written acknowledgment of the Protective Order. Defense counsel also shall direct the defendant and any other person to whom disclosure is made not to disclose or use any information contained in the government's discovery in violation of the Protective Order. Any authorized disclosure of discovery material may constitute a violation of the Court's Protective Order.

10. In the event that a defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Protective Order.

11. The Protective Order shall not apply to any materials already in the possession of a defendant.

IT IS SO STIPULATED.

*s/ Stephen Carr*                                     *s/Fabián Rentería Franco*
Stephen Carr                                         Fabián Rentería Franco
Assistant United States Attorney     Federal Defender
211 W. Fort Street, Suite 2001       613 Abbott 5th Floor
Detroit, MI 48226                         Detroit, MI 48226
(313) 226-9721                             (313) 463-6143
stephen.carr@usdoj.gov             fabian_renteria_franco@fd.org

Dated: December 13, 2024